IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
IN RE                          )
                               )
NOBLE C. GINTHER,              )   CASE NO. 07-80200-G3-11
                               )
        Debtor                 )
```

MEMORANDUM OPINION

The Court has considered the Second Amended Motion For Leave to File Untimely and Amended Proof of Claim (Docket No. 168) filed by Valorie W. Davenport ("Davenport"). The court has considered the response and amended response thereto (Docket Nos. 184, 186, and 188) filed by Noble C. Ginther, Jr., Debtor, the pleadings, evidence, testimony and argument of counsel, and makes the following Findings of Fact and Conclusions of Law. The court will enter a separate Judgment granting the motion. To the extent that any Findings of Fact are considered to be Conclusions of Law they are adopted as such. To the extent that any Conclusions of Law are deemed to be Findings of Fact they are adopted as such.

Findings of Fact

1. On April 23, 2007, Noble C. Ginther, Jr. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Docket No. 1. Schedule F, "Creditors Holding Unsecured Nonpriority Claims," filed this same date, did not list Davenport as a creditor. Thereafter, Debtor filed Amended Schedule F, on May 10, 2007, and listed Davenport as an unsecured nonpriority claimant

with a claim valued at zero that was contingent, unliquidated and disputed.  Docket No. 18.  Schedule F was amended three more times but no changes were made in connection with Davenport's claim. Docket Nos 23, 31, and 59.

      2.  On May 28, 2007, a "Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines" was entered on the docket sheet of the above captioned bankruptcy proceeding.  Docket No. 34. The notice set June 28, 2007 as the date for the meeting of creditors and September 26, 2007 as the deadline to file a proof of claim in the instant case.  This Notice, along with a Proof of Claim form and instructions was served on May 31, 2007 on various entities, including Davenport.  Docket No. 39.

      3.  On June 6, 2007, the creditors' meeting was reset for July 12, 2007.  The meeting was held and concluded and Davenport was present.

      4.  on September 27, 2007, Davenport filed an unsecured nonpriority claim, Proof of Claim ("POC") No. 19, on behalf of Davenport Legal Group ("DLG") in the amount of $268,431.00 for services performed.  POC No. 19 was dated September 26, 2007 and included a thirty-four page detail of time spent and legal services rendered from April 14, 2004 through January 29, 2007.  The attachment did not include a calculation of the total amount due. Thereafter, POC No. 20, dated November 2, 2007, was filed on November 2, 2007, on behalf of DLG in the amount of $197,850.80,

with a thirty-two page attachment reflecting a total in the amount of $239,307.50.  On November 11, 2007, Davenport filed POC No. 21 on behalf of DLG in the amount of $197,850.80.  POC No. 21, dated November 2, 2007 and designated "Amended," is comprised of thirty-four pages and appears to be the same as POC No. 20.

     5.   The three claims filed by Davenport are based upon legal services rendered to Debtor over the same period of time. POC Nos. 20 and 21 are duplicate claims and amend POC No. 19 by reducing the amount of the claim.

     6.   On November 5, 2007 and November 13, 2007, Davenport filed a "Motion for Leave to File Untimely and Amended Proof of Claim" (Docket No. 144) and a "First Amended Motion for Leave to File Untimely and Amended Proof of Claim" (Docket No. 152), respectively, requesting that POC No. 19 be considered timely filed or granting leave to file POC Nos. 20 and 21.  The court denied both motions without prejudice for procedural deficiencies.[1] Docket Nos. 145 and 153.  Thereafter, Davenport filed her Second Amended Motion.

     7.   Debtor opposes the motion and contends that Davenport does not have a claim against Debtor.  As a result, no need exists to allow any late filing.  Debtor contends that if there was a contract between Debtor and Davenport for legal

---

[1] Movant failed to submit a proposed form of order with the original motion pursuant to Bankruptcy Local Rule 9013(h).  The First Amended Motion did not include "notice and hearing" language required by Bankruptcy Rule 9013.

3

services, it was on a contingency basis.  Debtor alleges that as there was no recovery, no money is owed.  Debtor raised other merit defenses to the claim in his response, including the untimely filing, and Davenport's negligence and misrepresentation.  Debtor also claims that no basis exists for the court to allow the late filing as Davenport can not establish that the late filing was a result of excusable neglect.

8. Davenport contends that her claim is based upon legal services she rendered to Debtor, on an hourly basis, in connection with numerous legal proceedings beginning in the late spring or summer of 2004.  Davenport testified that, during the time between notification of the filing deadline for claims, May 31, 2007, and the deadline, September 26, 2007, she moved her office, traveled on business out of the country two times for six week increments, and two months prior to the deadline became very ill.  Davenport testified that in the first week of July 2007, she contracted the flu and ultimately was hospitalized.  She testified that because of complications, she underwent surgery and was not released to return to work until the first week of October 2007.

9. Davenport testified that in the days prior to the filing deadline, she worked on preparing the invoice in support of her proof of claim.  Denise Novotny, a licensed attorney who is the sister and law partner of Davenport, confirmed Davenport's testimony.  Novotny testified that she, Davenport and the staff of

DLG worked many hours converting the invoice into the form needed to support the proof of claim.

  10. Novotny testified that, even though the project was not complete, she electronically filed POC No. 19 at seven minutes after midnight on September 27, 2007.  She testified that she had not filed many pleadings electronically prior to this although she had taken the training class on the Electronic Case Filing System utilized in the Southern District of Texas.

  11. Debtor contends that Davenport's failure to timely file a proof of claim in the instant case is consistent with Davenport's long history of repeatedly missing legal deadlines.  In his Response, Debtor refers to missed litigation deadlines by Davenport in other cases filed in the Southern District of Texas and in some state courts of Texas.

  12. The determination of whether the late filing of a proof of claim is the result of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct 1489, 1498, 123 L.Ed.2d 74, 89 (1993).  Even assuming Davenport missed prior deadlines in other cases, this court is not privy to the specific circumstances surrounding those occurrences.  Further, the determination of the types of neglect that will be considered "excusable" is dependant upon the equities of each case.  *Id.*

13. Debtor was aware of Davenport's claim, at least as early as May 10, 2007, as Debtor listed Davenport as an unsecured nonpriority creditor on his Amended Schedule F (Docket No. 18). Debtor categorized the claim as contingent, unliquidated, and disputed and valued the claim at zero. Debtor admits that Davenport represented him in various legal cases. Debtor and Davenport disagree as to the fee arrangement between the parties and the amount that is owed. Debtor is not the victim of surprise. The court finds that Debtor is not prejudiced by the late filing of the unsecured proof of claim.

14. In the instant case, the evidence reflects that the length of delay (sometime between seven minutes to one day) in filing the late proof of claim was negligible. The court finds that this deminimus delay does not disrupt or adversely impact the effective administration of this case.

15. Based upon the relevant circumstances surrounding the late filing of Davenport's proof of claim (including moving her office, being out of the country two times for six week increments, and especially her illnesses and hospitalizations within two months prior to the deadline), and taking into consideration the equities of the instant case (Debtor's awareness of the claim, the minuscule length of delay in filing the late proof of claim, and the effective continuation of administration of the case without disruption or an adverse impact), the court finds that the late

filing of Davenport's claim was the result of excusable neglect.

## Conclusions of Law

1. Bankruptcy Rule 9006(b)(1) provides in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rule or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. Rule Bankr. Proc. 9006(b)(1).

2. The "excusable neglect" standard of Rule 9006(b)(1) should not be limited to situations in which the delay is caused by circumstances beyond the control of the party filing the proof of claim. Late filings may be accepted when caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. In determining whether the late filing of a proof of claim is the result of excusable neglect, the court should consider all of the relevant circumstances surrounding the party's omission, including: the danger of prejudice to debtor, length of delay, reason for delay, whether the delay was in the control of the party filing the late claim, possible impact of the delay on the judicial proceedings and whether the party filing the late claim acted in good faith, debtor's knowledge of claim, stage of the chapter 11 case, and whether the creditor had notice. These factors are not exclusive. *See Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. Partnership,* 507 US 380, 113 Sct 1489, 123 L.Ed.2d 74 (1993); *In re Eagle Bus Mfg., Inc.*, 62 F3d 730 (5th Cir 1995).

3.  Where the late filed claim is anticipated by the debtor before it negotiates and confirms a plan of reorganization, the debtor is not prejudiced by a granting of the leave to amend. *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 737-738 (5th Cir. 1995).

4.  The standard for determining whether a party's reason for neglect of the bar date is excusable is a flexible standard rooted in equity. *Eagle Bus*, 62 F.3d at 739.

5.  Although an amendment is for a different amount, it is not a new claim. See *In re Kolstad*, 928 F2d 171 (5th Cir. 1991)(IRS could amend claim filed on its behalf by Debtor, even though bar date had passed. Although amendment was for higher amount, it was not a new claim.)

Based on the foregoing, the court grants Davenport's Second Amended Motion For Leave to File Untimely and Amended Proof of Claim.

Signed at Houston, Texas on this 4th day of June, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE