ENTERED
08/29/2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
IN RE                          )
                               )
NOBLE C. GINTHER,              )  CASE NO. 07-80200-G3-11
                               )
        Debtor                 )
```

MEMORANDUM OPINION

The Court has considered the "Debtor's Motion to Strike Claimants' (Claim Nos. 19, 20 and 21) Response to Opposition to Claim (Docket #275) for Failure to Comply with Scheduling Order and Motion for Summary Disposition of Claim" (Docket No. 282) ("Motion To Strike") and the "Motion to Compel Claimants to Answer Discovery Requests and for Sanctions Pursuant to Fed. R. Bank. P. 7037" (Docket No. 290) ("Motion To Compel") filed by Noble C. Ginther, Debtor, and the "Claimant's Motion to File Her Pretrial Statement Outside of Time and Claimant's Response to Debtor's Motion to Strike" (Docket No. 286) ("Motion To File Pretrial Statement Late") filed by Valorie W. Davenport ("Davenport"). The court has considered the responses thereto (Docket Nos. 286, 288, and 294), the pleadings, evidence, testimony and argument of counsel, and makes the following Findings of Fact and Conclusions of Law and will enter a separate Judgment. To the extent that any Findings of Fact are considered to be Conclusions of Law they are adopted as such. To the extent that any Conclusions of Law are deemed to be Findings of Fact they are adopted as such.

On April 23, 2007, Noble C. Ginther, Jr. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Docket No. 1. Amended Schedule F, "Creditors Holding Unsecured Nonpriority Claims," listed Davenport as an unsecured nonpriority claimant with a claim valued at zero that was contingent, unliquidated and disputed. Docket No. 18.

The day after the deadline for filing a proof of claim, September 27, 2007, Davenport filed an unsecured nonpriority claim, Proof of Claim ("POC") No. 19, on behalf of Davenport Legal Group ("DLG") in the amount of $268,431.00. Thereafter, POC No. 20, dated November 2, 2007, was filed on November 2, 2007, on behalf of DLG in the amount of $197,850.80, with a thirty-two page attachment reflecting a total in the amount of $239,307.50. On November 11, 2007, Davenport filed POC No. 21 on behalf of DLG in the amount of $197,850.80. POC No. 21, dated November 2, 2007 and designated "Amended," is comprised of thirty-four pages and appears to be the same as POC No. 20.

Debtor filed a "Second Amended Motion For Leave to File Untimely and Amended Proof of Claim"[1] (Docket No. 168). After a contested hearing, the court ruled that the claim was to be considered as timely filed. Docket Nos. 270 and 271.

---

[1] Davenport filed a Motion and Amended Motion for Leave to File Untimely and Amended Proof of Claim (Docket Nos. 144 and 152) which the court denied without prejudice for procedural deficiencies. Docket Nos. 145 and 153.

2

Davenport contends that her claim is based upon legal services she rendered to Debtor, on an hourly basis, in connection with numerous legal proceedings beginning in the late spring or summer of 2004. Debtor admits that Davenport represented him in various legal cases but the parties disagree as to the fee arrangement and the amount that is owed. Debtor contends that if there was a fee arrangement contract between Debtor and Davenport for legal services, it was on a contingency basis.

Debtor filed an Objection to Davenport's claims.[2] Debtor alleges that since there was no recovery on any of his claims, no money is owed to Davenport. Debtor also raised other merit defenses to the claim, including Davenport's negligence and misrepresentation.

On June 24, 2008, counsel for Ginther, Chris DiFerrante, and Davenport appeared before the court at a status conference on the Debtor's Objection to Claim. The court advised them that a trial date would be set in September. Thereafter, on June 26, 2008, a Scheduling Order was entered (Docket No. 278) wherein the pretrial conference was set for September 16, 2008 and trial during the week of September 22 - September 26, 2008. The court also

---

[2] Debtor's Objections to the claims of Valerie Davenport and The Davenport Legal Group: Objection & Amended Objection to Proof Of Claim No. 21 (Docket Nos. 185 and 192), Objection to Proof Of Claim No. 19 (Docket No. 190), Objection to Proof Of Claim No. 20 (Docket No. 191), hereinafter collectively referred to as "Objection to Claim."

ordered Davenport to file a separate pretrial statement no later than July 8, 2008 and ordered Debtor to file a separate pretrial statement no later than July 11, 2008.

The Scheduling Order also ordered that:

> ...any evidence not fairly raised or exhibits not revealed by the Pretrial Statements referred to herein shall not be admitted during trial except on showing that such evidence was not previously known to the party, or could not have been discovered by the exercise of reasonable diligence prior to trial.  Any witness not listed shall result in counsel's inability to call or examine such witness for testimony at trial.  Upon the failure of any party to comply with any filing deadline or provision of this Order, sanctions may be imposed, including striking pleadings or denial of the opportunity to present evidence or witnesses at trial.

Davenport did not file her pretrial statement on July 8, 2008.  On July 11, 2008, Debtor filed his Pretrial Statement and the Motion To Strike.  Debtor requests the court to summarily sustain his Objection to Davenport's claim and disallow Davenport's proof of claim on the basis that Davenport failed to comply with the Scheduling Order deadline to file her pretrial statement.

Thereafter, on July 31, 2008, Davenport filed a combined response and a Motion To File Pretrial Statement Late.  She did not file her pretrial statement at that time.  Davenport claimed that she was not made aware of the Scheduling Order or the Motion to Strike until July 29, 2008 and requested that the court extend the time, until August 6, 2008, to file her pretrial statement. Davenport filed her pretrial statement on August 25, 2008, minutes after the hearing on the instant motions began.

4

The court notes that although Davenport is a registered user of the electronic filing system in this District and knew from her attendance at the status conference that a trial setting was imminent, she never accessed the electronic filing system to confirm the date.  Davenport testified that prior to January 2008, she had problems receiving copies of filings and other notices through the Clerk's Office.  She sent a letter dated January 15, 2008 to the Clerk clarifying her correct mailing address, 1210 W. Clay, Suite 3, Houston, Texas 77019.  Davenport Exhibit No. 1.  She testified that she did not receive the Scheduling Order or the Motion To Strike electronically and did not think that she received the Motion to Strike by mail.

Davenport was not listed on the Certificate of Service of the Scheduling Order sent out by the Bankruptcy Noticing Center, dated June 28, 1008.  Docket No. 279.  The certificate of service on the Debtor's Pretrial Statement and the Motion to Strike, dated July 11, 2008, lists Davenport with an incorrect address, "1200" W. Clay, Suite 3, Houston, Texas 77019.[3]

---

[3] It appears that there is a discrepancy among various pleadings filed by Debtor in connection with the address listed for Davenport on certificates of service.  For example: Debtor's Objection to Claim, Docket No. 185, lists "1210 W. Clay" with no suite number; Objection to Claim, Docket Nos. 190 and 191, Debtor's Pretrial Statement and Motion To Strike, Docket Nos. 281 and 282, lists "1200 W. Clay, Suite 3;" and Debtor's Letter dated August 13, 2008, relating to discovery, and the Motion To Compel, Docket No. 290, lists "1210 W. Clay, Suite 3."

Davenport testified that she became aware of the Scheduling Order on July 29, 2008, through information received by her associate who was participating in a settlement conference on an adversary proceeding pending in Davenport's individual bankruptcy proceeding, Adversary No. 04-3618. In Adversary No. 04-3618, a former associate of Davenport's, Ron S. Rainey, obtained a Judgment of nondischargeability against Davenport for a debt arising out of an assignment of a percentage of certain litigation proceeds. Subsequent to the settlement conference in this adversary proceeding, an Agreed Turnover Order was entered into between the parties on August 15, 2008, which provides for Davenport to turnover to Rainey a certain percentage of the proceeds that Davenport might receive from Ginther in connection with Davenport's proof of claim in the instant main case bankruptcy proceeding.

Davenport testified that her associate became aware of Ginther's Motion To Strike, on July 29, 2008, during negotiations with counsel for Rainey on the Agreed Turnover Order in Adversary No. 04-3618. Davenport testified that Rainey advised her associate of the Motion to Strike in connection with a discussion that Rainey had with counsel for Ginther regarding the sale and value of Davenport's proof of claim in the instant case.

Based upon the fact that Davenport did not receive electronic notice of the court's Scheduling Order, and that Davenport's address listed on the certificate of service attached

to the Motion to Strike is incorrect, the court finds that the evidence is not sufficient to establish that Davenport's failure to file her Pretrial Statement on July 8, 2008 was a deliberate lack of regard of the court's deadline.

However, Davenport knew of the Scheduling Order and its requirements at least by July 31, 2008, the date she filed her Motion To File Pretrial Statement Late. Although Davenport knew of the fast approaching trial setting (the week of September 22 to 26, 2008) and already had Ginther's Pretrial Statement, she did not file her Pretrial Statement until August 25, 2008. The court finds that Davenport's delay increases the difficulty, the costs, and the the time required for Debtor's counsel to prepare for trial.

The court notes that continuing the trial date to allow Debtor's counsel additional time to prepare is not feasible or judicially economical. Debtor's confirmed Plan requires the appointment of a Liquidating Disbursing Agent effective October 2, 2008 in the event that the proceeds from the sale or refinancing of assets is not sufficient to pay the classes pursuant to the Plan. At that time, the Liquidating Disbursing Agent will be vested with all of the Debtor's non-exempt assets and will have full authority to manage or liquidate or refinance or take any action with regard to the Debtor's non-exempt property. Docket Nos. 160, 171, and 175.

At trial, each party is limited to two (2) hours for direct examination of its witnesses and presentation of its case in

chief.  Davenport lists twenty-three witnesses, several of which are related to Debtor, to testify primarily in connection with "the difficulty in working with Debtor over legal matters relating to money issues and his family" and to Debtor's "litigious nature." Although Davenport offered to eliminate any witness from the list that would not be available for deposition prior to trial, the court finds that, due to the time constraints of the trial date (which is less than 25 days away), it would be costly and unduly burdensome, if not impossible, for Debtor to attempt to depose each witness listed by Davenport.  Further, the court finds that the testimony of some of these witnesses is not relevant to the issues raised in the Objection to Claim and their testimony would be cumulative, at best.  The court strikes the following witnesses from Davenport's Pretrial Statement: Jeff Wells, Marilyn Ginther Ore, Edmund Ginther, Suzie Jacks, Amber Ginther, Lloyd R. Cunningham, Phyllis (unknown)- Secretary for Stuart Douglass Ferrell, Noble Ghafouri, and George Kirk.  Richard Battaglia will be allowed to testify only with regard to his work on the Ginther Liquidating Trust, if relevant, and on the scope and quality of any work by Davenport in connection with the Ginther Liquidating Trust.

Discovery Dispute

On July 8, 2008, Debtor propounded discovery in connection with the Objection to Claim.  On August 7, 2008, Davenport filed Answers and Objections to Debtor's Interrogatories and Request for Production of Documents.  Debtor sent Davenport a

letter dated August 13, 2008 requesting that Davenport more fully answer several of the discovery requests. Thereafter, on August 18, 2008, Debtor filed his Motion to Compel. Debtor requests that the court order Davenport to fully re-answer Interrogatory No. 2 and Request for Production No. 8, and to immediately produce, for inspection and copying, the documents Davenport agreed to produce and which were requested in Requests for Production Nos. 1-3, 5-7, 9-10, 12-15. Debtor also seeks sanctions.

Requests for Production Nos. 1-3, 5-7, 9-10, 12-15, which Davenport has agreed to produce, relate primarily to production of any fee agreement, invoices, bills, requests for payment, and the underlying source of each of these documents. See Exhibits 1 and 2, Motion to Compel, Docket No. 290. These documents are critical to the resolution of this controversy and their immediate production by Davenport is essential for Debtor's counsel to properly prepare for trial.

Interrogatory No. 2 requests dates Davenport was hospitalized or unable to render legal services due to illness during the time period Davenport claims to have rendered legal services on behalf of Ginther. Davenport objected on the basis of relevancy and failure to understand the term "confined to rest at home due to illness." The court finds Davenport's response to be insufficient, inadequate, and disingenuous. The information sought by the interrogatory is relevant to allow Debtor to contest time entries listed on the invoice attached to Davenport's proof of

claim.

Davenport's offer in court on August 25, 2008 to sign and give Debtor a medical release to obtain this information does not provide an adequate alternative for Debtor to timely discover the information. It would take longer than the twenty-five days remaining until trial for Debtor to obtain an executed release from Davenport, deliver it to the proper entity, allow time for the production, and ultimately receive the information. The information can be more easily obtained by Davenport than by Debtor. It would be included on explanation of benefit forms issued by Davenport's medical insurance company or could be obtained by Davenport directly by contacting the hospital and/or her treating physicians.

Debtor seeks to obtain copies of engagement or representation agreements Davenport entered into with clients from January 1, 2004 through December 31, 2007. Request for Production No. 8. Davenport objected to this request on the basis of relevance and privilege. The court finds that the request is relevant to Debtor's contention that it was Davenport's general practice to enter into engagement letters with clients and, despite this habit, no evidence exists that she entered into such an agreement with Debtor.

Davenport claims that the information regarding engagement agreements with other clients is privileged or, at the very least, is confidential and thus, not discoverable. The

attorney-client privilege is construed narrowly, to protect from disclosure only those communications from client to attorney that were intended to remain confidential and made for the purpose of seeking legal advice.  Communication between an attorney and client regarding such information as identity of client, terms and conditions of employment, amount of fee, identification of payment by case file name, and the general purpose of the work performed, are not privileged.  *See Howell v. Jones*, 516 F.2d 53 (5th Cir. 1975); *U.S. v. Ponder*, 475 F. 2d 37 (5th Cir. 1973); *U.S. v. Bauer*, 132 F. 3d 504 (9th Cir. 1997); *Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001); *U.S. v. Alexander*, 287 F. 3d 811 (9th Cir. 2002); *In re LTV Securities Litigation,* 89 F.R.D. 595 (N.D.Tex. 1981)*; Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627 (Tex. App. 7 Dist. 1983) and cases cited therein.

The court finds that the information sought is not privileged or confidential.  Any information contained in the agreement, other than the parties' identities, rate, contingent fee interests, payment and expense agreements, and signatures, may be redacted.

Bankruptcy Rule 9014 makes Bankruptcy Rule 7037, entitled "Failure to Make Discovery: Sanctions," applicable in contested matters raised by motion, which include objections to claims under Bankruptcy Rule 3007.  Bankruptcy Rule 7037 incorporates Federal Rule of Civil Procedure 37.  When there has been a failure to

comply with a discovery request, the aggrieved party may move to compel discovery and request sanctions. In the absence of timely and proper objections or a protective order, the fact that the discovery sought was objectionable will not serve as a defense to sanctions which may be imposed by the court. The court may award reasonable expenses, including attorney's fees, caused by the failure of the party to act, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Bankruptcy Rule 7037.

As stated above, the court finds that Davenport's responses to Debtor's discovery were insufficient and inadequate. Further, the objections Davenport raised to the discovery requests have no merit. Based upon Davenport's delay in filing her Pretrial Statement and her failure to adequately respond to Debtor's discovery request, the court will award sanctions. The court will set a separate hearing, after the completion of the trial on the Objection to Claim, to determine the amount of the sanctions.

Based upon the foregoing, the court will enter a separate Judgment in conjunction with these Findings of Fact and Conclusions of Law.

Signed at Houston, Texas on this 29th day of August, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE